1
2
3
4
5
6
7
8
9

10          **IN THE UNITED STATES DISTRICT COURT**

11         **FOR THE EASTERN DISTRICT OF CALIFORNIA**

12

13
MICHAEL SHOFNER, et al.,                    CASE NO. CV F 12-0062 LJO JLT

14
                    Plaintiffs,              **ORDER ON FEDERAL DEFENDANTS'**
15                                           **F.R.Civ.P. 12 MOTION TO DISMISS**
        vs.                                  (Doc. 30.)
16
U.S. DEPT. OF AGRICULTURE,
17   et al.,

18                    Defendants.

19   _____/

20                            **INTRODUCTION**

21          Defendants United States of America ("Government"), two of its agencies, and a Government

22   law enforcement officer seek to dismiss plaintiff Michael Shofner ("Mr. Shofner") and Ganean Marie

23   Paraja's ("Ms. Paraja's") excessive force, unlawful detention and related claims for failure to invoke this

24   Court's subject matter jurisdiction.  Mr. Shofner and Ms. Paraja (collectively "plaintiffs") filed no papers

25   to oppose dismissal of claims subject to the federal defendants' F.R.Civ.P. 12 motion to dismiss.  This

26   Court considered the federal defendants' F.R.Civ.P. 12 motion to dismiss on the record and VACATES

27   the October 3, 2012 hearing, pursuant to Local Rule 230(g).  For the reasons discussed below, this Court

28   GRANTS the federal defendants F.R.Civ.P. 12 relief and DISMISSES claims against them.

                                      1

# BACKGROUND[1]

## Summary

The FAC pursues excessive force, unlawful detention and related claims against the Government, U.S. Forest Service ("Forest Service"), U.S. Department of Agriculture ("USDA"), and Forest Service Officer J.P. Norris ("Officer Norris")[2] arising from plaintiffs' July 24, 2010 arrest when boating on Lake Isabella in Kern County, California.  The federal defendants contend that certain FAC claims lack a substantive basis to invoke this Court's subject matter jurisdiction.

## Plaintiffs' Arrest

On July 24, 2010, defendant William Strawter ("Officer Strawter"), a Kern County Parks and Recreation officer, approached plaintiffs' boat on Lake Isabella in response to a "boating under the influence" call.  Fearing for safety of swimmers and his boat, Mr. Shofner grabbed the rail of Officer Strawter's boat "to avoid a collision."  Officer Strawter radioed for back up, "leapt onto to Plaintiffs' boat and immediately confronted Plaintiff Shofner."  Without provocation, Officer Strawter pepper sprayed Mr. Shofner.

Mr. Shofner's then 12-year-old daughter tried to intervene, and Ms. Paraja attempted to position herself between Officer Strawter and Mr. Shofner's daughter.  Officer Strawter threw Ms. Paraja to the ground and pepper sprayed Ms. Paraja.  Officer Strawter pepper sprayed Mr. Shofner again.

Officer Norris arrived with other Forest Service officers and advised Mr. Shofner that Officer Norris was going to taze Mr. Shofner.  Within seconds, Officer Norris tazed Mr. Shofner's left leg and ultimately tazed Mr. Shofner three more times.

Plaintiffs were arrested and charged with violation of California Penal Code section 148 (obstructing or resisting a peace officer).  The charges against plaintiffs were dismissed.

## Plaintiffs' Claims

The FAC alleges that the "government and its agents and officials never had a legitimate basis

---

[1]      The factual recitation is derived generally from plaintiffs' First Amended Complaint for Damages ("FAC"), the target of the Government defendants' challenges.

[2]      The Government, Forest Service, USDA and Officer Norris will be referred to collectively as the "federal defendants."

for initiating their contact with Plaintiffs" and that "the law enforcement agents were the aggressors" and "were overreacting."  The federal defendants' challenge eight of the FAC's 10 claims and which are summarized as follows:

The first "Unlawful Detention: First, Fourth and Fifth Amendments" claim ("unlawful detention claim") appears to proceed against all the federal defendants and alleges they "violated Plaintiffs' First, Fourth and Fifth Amendment rights by causing their wrongful detention despite the fact that they knew there was no probable cause to believe that Plaintiffs were engaged in any illegal activity."

The second "Excessive, Unreasonable, and Deliberately Humiliating and Punitive Searches and Seizures: Fourth, Fifth and Fourteenth Amendments" claim ("excessive force claim") appears to proceed against all defendants and alleges that "[b]y subjecting Plaintiffs to excessive force and unreasonable seizure of their persons . . . Defendants intentionally or recklessly violated Plaintiffs' Fourth, Fifth and Fourteenth Amendment rights" and "violated Plaintiffs' rights to privacy and to be free from unreasonable searches and seizures."

The fourth "Cruel, Inhuman, or Degrading Treatment or Punishment" claim ("Eighth Amendment claim") appears to proceed against all federal defendants and characterizes their acts as "cruel, inhuman, or degrading treatment and cruel and unusual punishment under the 8th Amendment."

The sixth "FTCA[3]: False Imprisonment" claim ("FTCA false imprisonment claim") states that it is "a claim for false imprisonment pursuant to the Federal Tort Claims Act against defendant United States of America based upon the unlawful acts and omissions of its employees, agents and officials" and is based on allegations that "plaintiffs were improperly detained" and "subjected to excessive force."

The seventh "FTCA: Negligence" claim ("FTCA negligence claim") states that it is "a claim for negligence on behalf of all plaintiffs against the United States of America" based on allegations that federal agents, including Officer Norris, failed "to adequately provide for Plaintiffs' medical needs," allowed "Plaintiffs to be physically assaulted and battered by county officer(s)," ignored "evidence that would demonstrate that Plaintiffs had not engaged in any criminal activity," and "physically assult[ed] and us[ed] excessive force on Plaintiffs unnecessarily."

---

[3] FTCA refers to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) ("section 1346(b)"), 2671-2680.

1   The eighth "FTCA: Assault and Battery" claim ("FTCA assault and battery claim") alleges for

2   Mr. Shofner "a claim for assault and battery against Defendant United States of America based upon the

3   actions of its agents."

4       The ninth "FTCA: Intentional Infliction of Emotional Distress" claim ("FTCA emotional distress

5   claim") states that it is a "claim for intentional infliction of emotional distress against the United States"

6   based on the acts and omissions of Officer Norris, who "engaged in a sustained and relentless campaign

7   to inflict emotional distress on Plaintiffs."

8       The tenth "Conspiracy to Violate Civil Rights in Violation of 42 U.S.C. § 1985" ("section 1985

9   claim") alleges that Officers Norris and Strawter "violated Plaintiffs [sic] civil rights pursuant to 42

10  U.S.C. §§ 1985(2) and (3) . . . to deprive Plaintiffs of their rights to equal protection of the law and were

11  further intended to deter Plaintiffs from vindicating their rights under the law and to obstruct justice."

12  **DISCUSSION**

13  **F.R.Civ.P. 12(b)(1) Motion To Dismiss Standards**

14      The federal defendants seek dismissal of most the FAC's claims for failure to invoke this Court's

15  subject matter jurisdiction.  The federal defendants argue that sovereign immunity bars Constitutional

16  damages claims against the Government, USDA and Forest Service.  The federal defendants contend

17  that Officer Norris, USDA and Forest Service are not subject to the FTCA claims to warrant their

18  dismissal as to them.  As such, the federal defendants conclude that without jurisdiction, this Court is

19  unable to address the merits of the claims subject to dismissal.

20      F.R.Civ.P. 12(b)(1) authorizes a motion to dismiss for lack of subject matter jurisdiction.

21  Fundamentally, federal courts are of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S.

22  375, 377, 114 S.Ct. 341 (1994).  A "court of the United States may not grant relief absent a

23  constitutional or valid statutory grant of jurisdiction." *U.S. v. Bravo-Diaz*, 312 F.3d 995, 997 (9th Cir.

24  2002).  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary

25  affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F. 2d 1221, 1225 (9th Cir. 1989).

26  Limits on federal jurisdiction must neither be disregarded nor evaded.  *Owen Equipment & Erection Co.*

27  *v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396 (1978).  "When subject matter jurisdiction is challenged

28  under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order

4

1  to survive the motion." *Tosco Corp. v. Communities for Better Environment*, 236 F.3d 495, 499 (9th Cir.
2  2001).

3   "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to
4  declare the law, and when it ceases to exist, the only function remaining to the court is that of
5  announcing the fact and dismissing the cause." *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264
6  (1868).

7              **Constitutional Claims Against The Government, USDA And Forest Service**

8   The federal defendants argue that the Government is not subject to Constitutional claims in the
9  absence of sovereign immunity waiver.

10   "The United States can be sued only to the extent that it has waived its sovereign immunity."
11  *Baker v. U.S.*, 817 F.2d 560, 562 (9th Cir. 1987), *cert. denied*, 487 U.S. 1204, 108 S.Ct. 2845 (1988).
12  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."
13  *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996 (1994).  "A claim for damages against a federal
14  agency is barred by sovereign immunity unless Congress has consented to suit."  *Gilbert v. DaGrossa*,
15  756 F.2d 1455, 1460, n. 6 (9th Cir. 1985).

16   "A party bringing a cause of action against the federal government bears the burden of showing
17  an unequivocal waiver of immunity.  *Baker*, 817 F.2d at 562.  "Thus, the United States may not be sued
18  without its consent and the terms of such consent define the court's jurisdiction."  *Baker*, 817 F.2d at
19  562.  A waiver of traditional sovereign immunity is not implied but must be unequivocally expressed.
20  *See U.S. v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953-954 (1976).

21   "The question whether the United States has waived its sovereign immunity against suits for
22  damages is, in the first instance, a question of subject matter jurisdiction."  *McCarthy v. U.S.*, 850 F.2d
23  558, 560 (1988), *cert. denied,* 489 U.S. 1052, 109 S.Ct. 1312 (1989).  "It is incumbent upon the plaintiff
24  properly to allege the jurisdictional facts . . ."  *McNutt v. General Motors Acceptance Corp. of Indiana*,
25  298 U.S. 178, 182, 56 S.Ct. 780 (1936).  "Where a suit has not been consented to by the United States,
26  dismissal of the action is required."  *Gilbert*, 756 F.2d at 1458.

27   The terms of the Government's "consent to be sued in any court define that court's jurisdiction
28  to entertain the suit."  *U.S. v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767 (1941).  Waivers of immunity

5

1    must be "construed strictly in favor of the sovereign," *McMahon v. United States*, 342 U.S. 25, 27, 72

2    S.Ct. 17, 19, 96 L.Ed. 268 (1951), and not "enlarge[d] . . . beyond what the language requires," *Eastern*

3    *Transp. Co. v. United States*, 272 U.S. 675, 686, 47 S.Ct. 289, 291, 71 L.Ed. 472 (1927); *see Hodge v.*

4    *Dalton*, 107 F.3d 705, 707 (9th Cir. 1997) ("Any waiver of immunity must be 'unequivocally expressed,'

5    and any limitations and conditions upon the waiver 'must be strictly observed and exceptions thereto are

6    not to be implied.")

7        The federal defendants point out that the Government has not waived it sovereign immunity for

8    Constitutional damages action. As such, the federal defendants note the limited availability of a *Bivens*[4]

9    action against a federal official in his/her official capacity in that *"Bivens* does not provide a means of

10   cutting through the sovereign immunity of the United States itself." *Arnsberg v. U.S.*, 757 F.2d 971, 980

11   (9th Cir. 1985), *cert. denied,* 475 U.S. 1010, 106 S.Ct. 1183 (1986). The Ninth Circuit Court of Appeals

12   has explained:

13           *Bivens* created a remedy for violations of constitutional rights committed by
             federal officials acting in their individual capacities. In a paradigmatic *Bivens* action, a
14           plaintiff seeks to impose personal liability upon a federal official based on alleged
             constitutional infringements he or she committed against the plaintiff. *See, e.g., Balser*
15           *v. Department of Justice, Office of U.S. Trustee*, 327 F.3d 903, 909 (9th Cir.2003). "[A]
             *Bivens* action can be maintained against a defendant in his or her individual capacity
16           only, and not in his or her official capacity." *Daly-Murphy v. Winston*, 837 F.2d 348, 355
             (9th Cir.1987). This is because a *Bivens* suit against a defendant in his or her official
17           capacity would merely be another way of pleading an action against the United States,
             which would be barred by the doctrine of sovereign immunity. *Nurse v. United States*,
18           226 F.3d 996, 1004 (9th Cir.2000). Therefore, the Supreme Court has refused to extend
             *Bivens* remedies from individuals to agencies. *FDIC v. Meyer*, 510 U.S. 471, 484, 114
19           S.Ct. 996, 127 L.Ed.2d 308 (1994).

20   *Consejo de Desarrollo Economico de Mexicali, A.C. v. U.S.,* 482 F.3d 1157, 1173 (9th Cir. 2007).

21        The federal defendants argue that sovereign immunity bars Constitutional claims against the

22   Government for actions of USDA, Forest Service and Officer Norris in his official capacity. As such,

23   the federal defendants conclude that the unlawful detention, excessive force and Eighth amendment

24   claims may not proceed against the Government, USDA and Forest Service to warrant their dismissal

25   as to the Government, USDA and Forest Service.

26        Plaintiffs offer no challenge to sovereign immunity for the Government, USDA and Forest

27

28   _____

     [4]     *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971).

1  Service, and no meaningful challenge is apparent.  As such, the unlawful detention, excessive force and

2  Eighth Amendment claims are subject to dismissal against the Government, USDA and Forest Service.

3                                **Tort Claims Against Officer Norris**

4        Although unclear, the federal defendants appear to seek dismissal of the sixth through ninth

5  FTCA claims to the extent pled against Officer Norris in that the Government is the proper defendant

6  for such tort claims.[5]

7        "Section 1346(b) grants the federal district courts jurisdiction over a certain category of claims

8  for which the United States has waived its sovereign immunity and 'render[ed]' itself liable." *F.D.I.C.*

9  *v. Meyer*, 510 U.S. 471, 477, 114 S.Ct. 996 (1994) (citing *Richards v. U.S.*, 369 U.S. 1, 6, 82 S.Ct. 585,

10  589, (1962)).  "The FTCA is the exclusive remedy for tortious conduct by the United States, and it only

11  allows claims against the United States." *Craft*, 157 F.3d at 706.  "The United States is the only proper

12  defendant in an FTCA action." *Lance v. U.S.*, 70 F.3d 1093, 1095 (9th Cir. 1995).

13        The federal defendants appear to argue that Officer Norris is not subject to the sixth through ninth

14  FTCA claims in that federal employees, such as Officer Norris, have "absolute immunity from suit for

15  common law torts committed within the scope of their employment." *Arthur v. U.S. by and through*

16  *Veterans Admin.*, 45 F.3d 292, 295 (9th Cir. 1995).[6]

17        An FTCA action may proceed against only the Government, and plaintiffs raise no contrary

18  challenge.  As such, Officer Norris is not subject to the sixth through ninth FTCA claims to warrant their

19  dismissal as to him.

20  */ / /*

21  _____

22  [5]        The FAC and the federal defendants' papers have been a challenge for this Court to decipher.  The FAC
is unclear as to which claims proceed against which defendants.  The federal defendants fail to specify which federal

23  defendants attack particular claims.  This Court admonishes the parties' counsel to prepare coherent, organized and precise
future filings.

24  [6]        28 U.S.C. § 2679(b)(1) addresses the exclusive remedy against the United States and provides:

25        The remedy against the United States provided by [the FTCA] for injury or loss of property, or
personal injury or death arising or resulting from the negligent or wrongful act or omission of any

26  employee of the Government while acting within the scope of his office or employment is exclusive of any
other civil action or proceeding for money damages by reason of the same subject matter against the

27  employee whose act or omission gave rise to the claim or against the estate of such employee.  Any other
civil action or proceeding for money damages arising out of or relating to the same subject matter against

28  the employee or employee's estate is precluded without regard to when the act or omission occurred.

**Tort Claims Against The USDA And Forest Service**

The federal defendants argue that the sixth through ninth FTCA claims may not proceed against the USDA and Forest Service in that the Government is the proper defendant.

"The FTCA is the exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States. Although such claims can arise from the acts or omissions of United States agencies (28 U.S.C. § 2671), an agency itself cannot be sued under the FTCA." *F.D.I.C. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998); *see Shelton v. United States Customs Service*, 565 F.2d 1140, 1141 (9th Cir.1977) ("It is well established that federal agencies are not subject to suit eo nomine unless so authorized by Congress in explicit language.")

Again, an FTCA action may proceed against only the Government, not its agencies.  Plaintiffs raise no contrary challenge.  As such, the USDA and Forest Service are not subject to the sixth through ninth FTCA claims to warrant their dismissal as to them.

**F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards**

The federal defendants seek F.R.Civ.P. 12(b)(6) dismissal of the tenth section 1985 claim as legally barred.  As a reminder, the section 1985 claim alleges that Officers Norris and Strawter "violated Plaintiffs [sic] civil rights pursuant to 42 U.S.C. §§ 1985(2) and (3) . . . to deprive Plaintiffs of their rights to equal protection of the law and were further intended to deter Plaintiffs from vindicating their rights under the law and to obstruct justice."

"Section 1985 proscribes conspiracies to interfere with certain civil rights." *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988). A section 1985 claim "must allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi*, 839 F.2d at 626.  "To state a claim for conspiracy to violate constitutional rights, 'the plaintiff must state specific facts to support the existence of the claimed conspiracy.'" *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 929 (9th Cir. 2004) (quoting *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989)).

No claim is available to plaintiffs under section 1985(1) which protects federal officers, not persons such as plaintiffs.  "The clear import of this language [section 1985(1)] is that the statute's protections extend exclusively to the benefit of federal officers. *Canlis v. San Joaquin Sheriff's Posse*

8

*Comitatus*, 641 F.2d 711, 717 (9th Cir.), *cert. denied,* 454 U.S. 967, 102 S.Ct. 510 (1981).

The federal defendants note the complaint's failure to allege facts for a section 1985(2) claim. The "equal protection" language of the second clause (state courts) of section 1985(2) requires "an allegation of class-based animus for the statement of a claim under that clause." *Portman v. County of Santa Clara*, 995 F.2d 898, 909 (9th Cir. 1993) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1029 (9th Cir.1985)). "Congress intended the act [section 1985(2)] to apply only in cases where there was racial or class-based animus." *Kimble v. D. J. McDuffy, Inc.,* 648 F.2d 340, 347 (5th Cir.), *cert. denied*, 454 U.S. 1110, 102 S.Ct. 687 (1981); *see Lopez v. Arrowhead Ranches*, 523 F.2d 924, 928 (9th Cir. 1975) (limitation to "cases in which a deprivation of equal rights is actionable to those where the injury is class motivated"). The federal defendants are correct that the complaint lacks necessary allegations as to a state proceeding, denial of equal protection, or racial or class-based animus.

The federal defendants further take issue with the complaint's absence of a section 1985(3) claim. "To state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States." *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980). "To bring a cause of action successfully under § 1985(3), a plaintiff must demonstrate a deprivation of a right motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1056 (9th Cir. 2002).

Congress did not intend to create a general federal tort law by the passage of section 1985(3). *Western Telecasters, Inc. v. California Federation of Labor, AFL-CIO*, 415 F.Supp. 30, 33 (S.D. Cal. 1976.) "Section 1985(3) provides no substantive rights itself; it merely provides a remedy for violation of the rights it designates." *Great American Federal Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 372, 99 S.Ct. 2345 (1979). "[T]o effectuate the intent of Congress, the conspirators must be motivated by a class-based, invidiously discriminatory animus." *Western Telecasters*, 415 F.Supp. at 33 (section1985(3) should not be interpreted to encompass all discrimination between classes of persons, and a claim of discrimination against employees of a non-union entity does not allege an invidiously,

1  discriminatory animus and is not actionable under section 1985(3)).

2     A section 1985(3) claim "must set forth facts showing some intentional and purposeful

3  deprivation of constitutional rights." *See Powell v. Workmen's Compensation Bd. of State of N. Y.*, 327

4  F.2d 131, 137 (2nd Cir. 1964).  A section 1985(3) plaintiff is "bound to do more than merely state vague

5  and conclusionary allegations respecting the existence of a conspiracy.  It was incumbent upon him to

6  allege with at least some degree of particularity overt acts which defendants engaged in which were

7  reasonably related to the promotion of the claimed conspiracy." *Powell*, 327 F.2d at 137; *see Grigsby*

8  *v. Kane*, 250 F.Supp.2d 453, 458 (M.D. Pa. 2003).  "[O]nly allegations which are particularized, such

9  as those addressing the period of the conspiracy, the object of the conspiracy, and actions taken in

10 furtherance of the conspiracy, will be deemed sufficient." *Grigsby*, 250 F.Supp.2d at 458.  A conspiracy

11 occurs only when the parties have reached "a unity of purpose or a common design and understanding,

12 or a meeting of minds in an unlawful arrangement." *American Tobacco Co. v. United States*, 328 U.S.

13 781, 809-10, 66 S.Ct. 1125, 1138, 90 L.Ed. 1575 (1946).

14    Plaintiffs offer nothing to support a section 1985(3) claim.  The FAC does not even hint of racial

15 or other class-based discrimination and lacks particularized facts to support a conspiracy.  The FAC

16 lacks a viable section 1985 claim to further warrant dismissal of the tenth claim.

17                    **CONCLUSION AND ORDER**

18    For the reasons discussed above, this Court:

19    1.    DISMISSES with prejudice the first unlawful detention, second excessive force and

20          fourth Eighth amendment claims against the Government, USDA and Forest Service;

21    2.    DISMISSES with prejudice the sixth through ninth FTCA claims to the extent they allege

22          claims against Officer Norris, the USDA and Forest Service; and

23    3.    DISMISSES with prejudice the tenth section 1985 claim against the federal defendants.

24    Based on these dismissals and only as to the federal defendants, the first unlawful detention,

25 second excessive force and fourth Eighth Amendment claims proceed against only Officer Norris and

26 the sixth through ninth FTCA claims proceed against only the Government.  This order dismisses no

27 claims as to the FAC's third Due Process Claim and fifth excessive force claims and further dismisses

28 no claims against defendants Kern County Department of Parks and Recreation and Officer Strawter in

                          10

1  that such claims and defendants are not subject to the federal defendants' motion.

2          This Court FURTHER ORDERS the federal defendants, no later than October 20, 2012, to file

3  an answer to remaining FAC claims against them.

4          IT IS SO ORDERED.

5  **Dated:    September 28, 2012**                    /s/ Lawrence J. O'Neill
                                                   UNITED STATES DISTRICT JUDGE

11